IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 3, 2003

## STATE OF TENNESSEE v. CLYDE SMITH

**Appeal from the Circuit Court for Robertson County**
**No. 01-0197      John H. Gasaway, III, Judge**

_____

**No. M2002-2138-CCA-R3-CD - Filed August 5, 2003**

_____

Following a bench trial, the Appellant, Clyde Smith, was convicted by the Robertson County Circuit Court of two counts of sale of cocaine less than 0.5 grams, class C felonies. He received concurrent fifteen-year sentences. The single issue for our review is whether the evidence was sufficient to support the verdict. After review of the record, we find the evidence sufficient and affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the Appellant, Clyde Smith.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; David H. Findley, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Dent Morriss, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

In November of 2000, Teresa Keymon was working with the Springfield Police Department Narcotics Division as an undercover informant. Keymon was personally acquainted with the Appellant because he had previously sold drugs to her daughter. On November 15, 2000, Keymon arranged for the purchase of fifty dollars of crack cocaine from the Appellant. The police equipped Keymon with a wireless body transmitter, which permitted them to monitor the drug buy and provided her with fifty dollars with which to purchase the cocaine. Shortly thereafter, the Appellant, who was driving a white Nova, met Keymon at the Park Circle Market, the designated location. The

Appellant then delivered the crack cocaine to Keymon in exchange for the agreed fifty dollars. The police were unable to observe the transaction but did see the vehicles parked beside one another at the Park Circle Market. After the exchange, Keymon gave the purchased substance to the police. The substance tested positive for 0.4 grams of cocaine. The tape of this transaction was misplaced and, therefore, unavailable at trial. Notwithstanding the absence of the tape, the investigating officer testified that he was able to "monitor the transmissions from Teresa Keymon" on this date.

Around 9:00 p.m. on November 29, 2000, Keymon again met with the Appellant. Prior to this encounter, the police had equipped Keymon with a body transmitter and had given her fifty dollars to make the drug purchase. According to Keymon, the Appellant approached her car wearing a hooded jacket and got into the passenger side of the vehicle. Keymon told the Appellant she "wanted a fifty," but she got out the "wrong money." She testified that the Appellant was making her nervous because he kept saying that "the police are at the end of the road, hurry up." After finding the money, she gave it to the Appellant in exchange for crack cocaine. The substance was again turned over to the police and tested positive for 0.3 grams of cocaine. A tape recording of this transaction was entered into evidence.

On April 23, 2001, a four-count indictment was returned against the Appellant, which charged as follows: Count I: sale of cocaine over 0.5 grams on November 15, 2000; Count II: delivery of cocaine over 0.5 grams on November 15, 2000; Count III: sale of cocaine less than 0.5 grams on November 29, 2000; and Count IV: delivery of cocaine less than 0.5 grams on November 29, 2000. Counts I and II were amended to class C felony offenses after the substance purchased on November 15, 2000, was determined to be 0.4 grams of cocaine. After a bench trial, the Appellant was convicted of Counts I and III. At the sentencing hearing, the Appellant received concurrent sentences of fifteen years as a career offender, which were ordered to be served consecutively to an outstanding Davidson County sentence. This appeal followed.

## ANALYSIS

The Appellant argues that the evidence was insufficient to support his two convictions for the sale of cocaine. Specifically, he contends that the informant's testimony was not credible because she was biased against him, *i.e.*, she "was determined to 'get drug dealers' because of her daughter's drug addiction."

A jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *State v. Holder*, 15 S.W.3d 905, 911 (Tenn. 1999); *State v. Burlison*, 868 S.W.2d 713, 719 (Tenn. Crim. App. 1993). Instead, the Appellant must establish that the evidence presented at trial was so deficient that no reasonable trier of fact could have found the essential elements of the

offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

In the present case, in order to convict the Appellant of sale of cocaine, a Schedule II controlled substance, the State was required to prove that: (1) the Appellant sold less than 0.5 grams of cocaine, and (2) the Appellant did so knowingly. Tenn. Code Ann. § 39-17-417(a)(3), (c)(2) (Supp. 2002). At trial, Keymon testified that she purchased fifty dollars of crack cocaine from the Appellant on two occasions. Additionally, the drug transactions were monitored by the police *via* "a body wire" placed on Keymon. Furthermore, on November 15th, police observed the Appellant's car parked next to Keymon's vehicle at the Park Circle Market. The tape recording of the November 29th buy was introduced into evidence. The informant was not a "lynch-pin" witness as asserted by the Appellant. A verdict of guilty accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. *Cazes*, 875 S.W.2d at 259; *Harris*, 839 S.W.2d at 75. The scope of our examination of the evidence is not equivalent to that of the fact finder. In a challenge to the sufficiency of the evidence, this court does not retry the defendant. *Cabbage*, 571 S.W.2d at 835. Again, our inquiry is not upon the weight of the evidence or its credibility but, rather, whether there is proof of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e). Based upon the foregoing, we find the proof sufficient to establish that the Appellant did sell cocaine in amounts of less than 0.5 grams on the dates in question.

## CONCLUSION

The evidence produced at trial was sufficient to support the Appellant's convictions for two counts of sale of cocaine less than 0.5 grams. Accordingly, the judgment of the Robertson County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE